1

2

3

4

5

6

7

```
FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

        JUN I 9 2012

CENTRAL DISTRICT OF CALIFORNIA
BY  Shy                    DEPUTY
```

8       UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA

10      SOUTHERN DIVISION

11

| | |
|---|---|
| 12  JOSHUA ANTHONY BLOUNT, | Case No.  SACV 12-00865 VBF (AN) |
| 13       Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| 14  v. | |
| 15  MARTIN BITER, Warden, Kern Valley State Prison, | |
| 16       Respondent. | |
| 17 | |

18                      **I. BACKGROUND**

19      Before the Court is a petition for writ of habeas corpus ("Petition") brought by

20  Joshua Anthony Blount ("Petitioner"), a state prisoner represented by retained counsel.

21  The Petition is brought pursuant to 28 U.S.C. § 2254 and raises three claims directed

22  at Petitioner's June 4, 2008 conviction in the California Superior Court for Orange

23  County (case no. 06HF1927) of one count of first degree murder, four counts of

24  attempted murder, and findings that he committed the murder by drive-by shooting and

25  personally discharged a firearm causing death and great bodily injury. He was sentenced

26  to a term of life in state prison. For the reasons set forth below, Petitioner is ordered to

27  show cause why his Petition should not be dismissed with prejudice because it is time-

28  barred.

## II. DISCUSSION

### A.   Standard of Review

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *see also Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826, ---- (2012) (reaffirming *Day*'s holding that district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, and itself holding that "courts of appeals, like district courts, have the authority - though not the obligation - to raise a forfeited timeliness defense on their own initiative.").

### B.   Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

1        The face of the Petition and relevant state court records[1] establish the following
2   relevant facts. Petitioner was convicted of the above offenses on June 4, 2008, and was
3   sentenced on August 15, 2008. On May 12, 2010, the California Court of Appeal (case
4   no. G040851) affirmed the judgment of conviction. On September 1, 2010, the
5   California Supreme Court (case no. S183741) then denied review of the court of
6   appeal's decision. (Pet. at 2-3, Exs. A&B; state court records.) Petitioner also filed a
7   petition for certiorari with the United States Supreme Court (case no. 10-7710), which
8   was denied on February 22, 2011. (Pet. at 5, Ex. C.)

9        Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment
10  became final on February 22, 2011, the day the United States Supreme Court denied his
11  petition for certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("direct
12  review" under § 2244(d)(1)(A) includes a petition for a writ of certiorari in the United
13  States Supreme Court). The statute of limitations then started to run the next day, on
14  February 23, 2011, and ended a year later on February 22, 2012. 28 U.S.C. §
15  2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001)
16  (the limitations period begins to run on the day after the triggering event pursuant to
17  Fed. R. Civ. P. 6(a)). Petitioner's retained counsel did not file his pending Petition until
18  June 1, 2012 -- 100 days after the expiration of the limitations period. Accordingly,
19  absent some basis for tolling or an alternative start date to the limitations period under
20  28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

21  ///

22  ///

23  ───────────────────

24      [1]   The Court takes judicial notice of Petitioner's records in the Orange County
     Superior Court, which are available on the Internet at http://www.occourts.org, and in
25   the state appellate courts, which are available on the Internet at
26   http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297
     F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant
27   state court records), *overruled on other grounds as recognized in Cross v. Sisto*, 676
28   F.3d 1172 (9th Cir. 2012).

Page 3

1    C.    **Statutory Tolling**

2          AEDPA includes a statutory tolling provision that suspends the limitations period

3    for the time during which a "properly-filed" application for post-conviction or other

4    collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*,

5    548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir.

6    2005). An application is "pending" until it has achieved final resolution through the

7    state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134

8    (2002). The face of the Petition, exhibits, and relevant state court records establish

9    Petitioner's retained counsel filed one state habeas petition, in the California Supreme

10   Court (case no. S200245). His counsel filed that petition on February 21, 2012, just *one*

11   *day* before the AEDPA limitations period expired. (Pet. at 3-4, Ex. D; state court

12   records.) That petition was denied on May 23, 2012, with a citation to *In re Dixon*, 41

13   Cal. 2d 756, 759 (1953).[2] (Pet., Ex. D-18.) Given 92 days of statutory tolling for the

14   pendency of Petitioner's state habeas petition (*see* CAL. CT. R. 8.532(b)(2)(C); *Corjasso*

15   *v. Ayers*, 278 F.3d 874, 880 n.1 (9th Cir. 2002) (orders of the California Supreme Court

16   denying habeas petitions are final upon filing)), AEDPA's limitations deadline was

17   extended from February 22, 2012, to May 24, 2012. The pending Petition, filed on June

18   1, 2012, is still untimely by 8 days.

19         Petitioner also filed a prior federal habeas action, which has no bearing on the

20   Court's timeliness analysis.[3] By AEDPA's express terms, the limitations period is only

21   tolled during the pendency of "a properly filed application for *State* post-conviction or

22   other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2)

23   does not toll the limitations period while a *federal* habeas petition is pending. *Duncan*

24

25         [2]    The court's citation to *Dixon* indicates it denied the petition on the basis that
     Petitioner's claims could have been, but were not, raised on direct appeal. *See Fields*
26   *v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997).

27         [3]    A federal court may take judicial notice of its own records in other cases.
28   *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Page 4

1  *v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further, the pending action
2  cannot "relate back" to the prior action because that action was dismissed in its entirety
3  and is no longer pending (*see* CV 11-1936 VBF (AN), [10]&[11]). *Rasberry v. Garcia*,
4  448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he relation back doctrine does not apply
5  where the previous habeas petition was dismissed because there is nothing to which the
6  new petition could relate back.").

7       Despite receiving the statutory tolling to which he is entitled, Petitioner's pending
8  Petition is still untimely.

9  **D.   Alternative Start of the Statute of Limitations**

10       **1.   State-Created Impediment**

11       In rare instances, AEDPA's one-year limitations period can run from "the date on
12  which the impediment to filing an application created by State action in violation of the
13  Constitution or laws of the United States is removed, if the applicant was prevented
14  from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute
15  of limitations was delayed by a state-created impediment requires establishing a due
16  process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings
17  do not set forth any facts that show he is entitled to relief under this provision.

18       **2.   Newly Recognized Constitutional Right**

19       AEDPA provides that, if a claim is based upon a constitutional right that is newly
20  recognized and applied retroactively to habeas cases by the United States Supreme
21  Court, the one-year limitations period begins to run on the date which the new right was
22  initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's
23  filings do not set forth any facts that show he is entitled to relief under this provision.

24       **3.   Discovery of Factual Predicate**

25       AEDPA also provides that, in certain cases, its one-year limitations period shall
26  run from "the date on which the factual predicate of the claim or claims presented could
27  have been discovered through the exercise of due diligence." 28 U.S.C. §
28  2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's

1 filings do not set forth any facts that show Petitioner is entitled to an alternate start date
2 to the limitations period based upon the late discovery of the factual predicate.

3 **E.    Equitable Tolling**

4      AEDPA's limitations period "is subject to equitable tolling in appropriate cases."
5 *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable
6 tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling
7 [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*,
8 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066
9 (9th Cir. 2002)).

10      "[A] litigant seeking equitable tolling bears the burden of establishing two
11 elements: (1) that he has been pursuing his rights diligently, and (2) that some
12 extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418,
13 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079
14 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably
15 diligent efforts to file his § 2254 petition throughout the time the limitations period was
16 running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v.
17 McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the
18 party seeking equitable tolling must have acted with reasonable diligence throughout
19 the period he seeks to toll" and "extraordinary circumstances prevented him from filing
20 his petition on time"). The petitioner must also demonstrate that he exercised reasonable
21 diligence in attempting to file his habeas petition after the extraordinary circumstances
22 began, otherwise the "link of causation between the extraordinary circumstances and the
23 failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary
24 circumstances" prong requires the petitioner to "additionally show that the extraordinary
25 circumstances were the cause of his untimeliness, and that the extraordinary
26 circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d
27 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). Further, equitable
28 tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the

1   petitioner "bears the burden of showing that equitable tolling is appropriate."
2   *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

3        Additionally, although "we do not require [the petitioner] to carry a burden of
4   persuasion at this stage in order to merit further investigation into the merits of his
5   argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003),
6   "[w]here the record is amply developed, and where it indicates that the [alleged
7   extraordinary circumstance did not] cause the untimely filing of his habeas petition, a
8   district court is not obligated to hold evidentiary hearings to further develop the factual
9   record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*,
10  627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666
11  (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court -- and us
12  on appeal -- to evaluate the strength of the petitioner's [equitable tolling] claim, the
13  district court does not necessarily abuse its discretion if it denies the petitioner a
14  hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

15       Apparently anticipating that the pending Petition would be found untimely,
16  Petitioner argues he should be entitled to equitable tolling on the basis that:

17       the district court dismissed the previous petition without prejudice for
18       failure to exhaust remedies; whereupon petitioner immediately filed a
19       petition for writ of habeas corpus to exhaust remedies, . . . in the California
20       Supreme Court. Petitioner learned today by United States mails that the
21       California Supreme Court denied the petition without oral argument on
22       May 23. Receipt of that denial was likely [delayed] due to the Memorial
23       Day weekend and the lack of mail service between May 25 and [May 30]."

24  (Memorandum of Points and Authorities (attached to the Petition) at 3-4.) Petitioner
25  also attached to the Petition the declaration of his counsel's legal assistant stating that
26  she was assigned to handle office mail pertaining to Petitioner's case, that she was out
27  of the office from May 25 to 29, and that upon her return to work on May 30, she
28  "processed all the mail on my desk," which included the letter from the California

1  Supreme Court notifying Petitioner his habeas petition had been denied. She states she
2  then worked with two attorneys "all day" on May 30 to complete the pending Petition.
3  (Pet., Ex. E.)

4      Petitioner is not entitled to equitable tolling because he fails to satisfy both of
5  *Pace*'s requirements. *Pace*, 544 U.S. at 418. First, he has not been pursuing his rights
6  diligently *throughout the time* the limitations period was running. *Mendoza*, 449 F.3d
7  at 1070; *Smith*, 208 F.3d at 17. His entire argument places undue emphasis on actions
8  taken on a single day long after the original limitations period expired, but ignores the
9  fact that he did nothing for approximately the first ten months the limitations period was
10 running. *See Mendoza*, 449 F.3d at 1070 (a petitioner seeking equitable tolling must
11 demonstrate he made diligent efforts "during the running of the AEDPA time limitation.
12 . ."). Moreover, all he did at that point was file a mixed federal habeas petition that was
13 subject to dismissal. Notably, Petitioner was then given an opportunity to avoid his
14 current predicament by deleting the unexhausted claim and proceeding with an amended
15 petition on his exhausted claims. (*See* CV 11-1936 VBF (AN), [4], [8].) Petitioner chose
16 instead to object to the magistrate judge's orders (*See id.* at [9]) and then, while awaiting
17 this Court's decision,[4] he made a belated attempt to exhaust by filing a state habeas
18 petition *one day* before AEDPA's statute of limitations expired. Consequently, the
19 pending Petition is untimely, not despite Petitioner's diligence, but instead due strictly
20 to his *lack* of diligence because he left himself insufficient time for routine occurrences
21 such as the delivery of mail. *Id.*

22

23   [4]   In dismissing the prior federal habeas action, the Court was not required to
24 undergo "the potentially burdensome, time-consuming, and fact-intensive task of
25 making a case-specific investigation and calculation of whether the AEDPA limitations
   period has already run or will have run by the time the petitioner returns to federal
26 court," especially in this case, since petitioner is represented by retained counsel, and
27 "[e]xplaining the details of federal habeas procedure and calculating statutes of
   limitations are tasks normally and properly performed by trained counsel as a matter of
28 course." *Pliler v. Ford*, 542 U.S. 225, 231-32, 124 S. Ct. 2441 (2004).

1    Second, Petitioner also fails to satisfy *Pace*'s second prong, that some
2 extraordinary circumstance stood in his way. As already alluded to, *routine* occurrences
3 such as the delivery of mail do not constitute extraordinary circumstances that make
4 timely filing impossible. *Ramirez*, 571 F.3d at 997; *Allen v. Lewis*, 255 F.3d 798, 800
5 (9th Cir. 2001) (to establish that an extraordinary circumstance made it impossible to
6 file a petition on time, "at the very least, the prisoner must show that the 'extraordinary
7 circumstances' were the but-for and proximate cause of his untimeliness.").
8 Additionally, while the Court finds minor mail delays caused by holidays are also
9 routine, unextraordinary occurrences that do not warrant equitable tolling, Petitioner has
10 nevertheless failed to establish there was any holiday-related delay in his mail delivery.
11 Specifically, he has not indicated, nor has he attached any exhibits showing by time
12 stamp or otherwise, what date the California Supreme Court's letter notifying him of the
13 May 23 denial was actually mailed and delivered to his counsel's law office by the
14 United States Postal Service. Based on the declaration proffered by his counsel's
15 assistant (Pet., Ex. E) the letter could have arrived as early as Friday, May 25, because
16 no mail relating to Petitioner's case was checked or opened on May 25 or 29.[5] *See*
17 *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) ("While the
18 inefficiencies of the United States Postal Service may be a circumstance beyond [the
19 prisoner's] control," where the problem is avoidable by the exercise of diligence "[t]here
20 is not, . . . ground for equitable tolling . . . ."). Petitioner has not pointed to any
21 extraordinary circumstance that prevented a timely filing. *Pace*, 544 U.S. at 418.

22    Petitioner's filings do not establish he is entitled to equitable tolling.[6]

23 _____

24    [5]    Counsel's failure to check the mail for two straight business days further
25 establishes a lack of diligence.

26    [6]    To the extent Petitioner may contend that he should be entitled to equitable
27 tolling because his petition was not timely filed due to the fault of his retained counsel,
his contention lacks merit and does not entitle him to equitable tolling. *See Frye v.*
28                                                              (continued...)

**O R D E R**

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **July 5, 2012**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: June 19, 2012

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

---

6/    (...continued)
*Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (concluding the miscalculation of the limitations period by federal habeas counsel does not constitute an extraordinary circumstance sufficient to warrant equitable tolling); *Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (same, citing *Frye*).