FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG - 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA ANTHONY BLOUNT,<br><br>Petitioner,<br><br>v.<br><br>MARTIN BITER, Warden, Kern Valley State Prison,<br><br>Respondent. | Case No. SACV 12-00865 VBF (AN)<br><br>**ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Joshua Anthony Blount ("Petitioner"), a state prisoner represented by retained counsel. For the reasons discussed below, the Petition is dismissed with prejudice because the Court finds it is time-barred.

## I. BACKGROUND

The pending Petition raises three claims directed at Petitioner's June 4, 2008 conviction in the California Superior Court for Orange County (case no. 06HF1927) of one count of first degree murder, four counts of attempted murder, and findings that he committed the murder by drive-by shooting and personally discharged a firearm causing death and great bodily injury. He was sentenced to a term of life in state prison.

Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found it plainly appeared from the face of the Petition and relevant state court records that this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on June 19, 2012, the magistrate judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). (6/19/12 Order to Show Cause re Dismissal of Petition for Writ of Habeas Corpus by a Person in State Custody as Time-barred ("OSC"), [3].) The OSC discussed the various bases for tolling and directed Petitioner to show cause why the action should not be dismissed as time-barred by filing a written response no later than July 5, 2012. (OSC at 4-10.) Petitioner's counsel has filed his Response to the OSC ("Response"), and the matter now stands submitted.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d

1039, 1043 (9th Cir. 2001); *see also Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826, ---- (2012) (reaffirming *Day*'s holding that district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, and itself holding that "courts of appeals, like district courts, have the authority - though not the obligation - to raise a forfeited timeliness defense on their own initiative.").

**B.  Statute of Limitations**

The Petition is governed by AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on June 4, 2008, and was sentenced on August 15, 2008. On May 12, 2010, the California Court of Appeal affirmed the judgment of conviction (case no. G040851). The California Supreme Court then denied review of the court of appeal's decision on September 1, 2010 (case no. S183741). (Pet. at 2-3, Exs. A&B; state court records.) Petitioner also filed a petition for certiorari with the United States Supreme Court, which was denied on February 22, 2011 (Supreme Court dkt. #10-7710). (Pet. at 5, Ex. C.)

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on February 22, 2011, the day the United States Supreme Court denied

---

[1] The Court takes judicial notice of Petitioner's superior court records, which are available on the Internet at http://www.occourts.org, and the dockets of the state appellate courts, which are available on the Internet at http://appellatecases. courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

his petition for certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("direct review" under § 2244(d)(1)(A) includes a petition for a writ of certiorari in the United States Supreme Court). The statute of limitations then started to run the next day, on February 23, 2011, and ended a year later on February 22, 2012. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner's retained counsel did not file his pending Petition until June 1, 2012 -- 100 days after the expiration of the limitations period. Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

**C.  Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The face of the Petition, exhibits, and relevant state court records establish Petitioner's retained counsel filed one state habeas petition, in the California Supreme Court (case no. S200245). His counsel filed that petition on February 21, 2012, just *one day* before AEDPA's limitations period expired. (Pet. at 3-4, Ex. D; state court records.) That petition was denied on May 23, 2012, with a citation to *In re Dixon*, 41 Cal. 2d 756, 759 (1953).[2] (Pet., Ex. D-18.) Given 92 days of statutory tolling for the pendency of Petitioner's state habeas petition (*see* CAL. CT. R.

---

[2]  The court's citation to *Dixon* indicates it denied the petition on the basis that Petitioner's claims could have been, but were not, raised on direct appeal. *See Fields v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997).

Page 4

8.532(b)(2)(C); *Corjasso v. Ayers*, 278 F.3d 874, 880 n.1 (9th Cir. 2002) (orders of the California Supreme Court denying habeas petitions are final upon filing)), AEDPA's limitations deadline was extended from February 22, 2012, to May 24, 2012. The pending Petition, filed on June 1, 2012, is still untimely by 8 days.

Petitioner also filed a prior federal habeas action, which has no bearing on the Court's timeliness analysis.[3/] By AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitations period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further, the pending action cannot "relate back" to the prior action because that action was dismissed in its entirety and is no longer pending (*see* CV 11-1936 VBF (AN), [10]&[11]). *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back.").

Despite receiving the statutory tolling to which he is entitled, Petitioner's pending Petition is still untimely.

**D.  Alternative Start of the Statute of Limitations**

  **1.  State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir.

---

[3/]  A federal court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2002). Petitioner's filings do not set forth any facts for an alternate start date to the limitations period under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts for an alternate start date to the limitations period under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts for an alternate start date to the limitations period based upon the late discovery of the factual predicate.

### E. Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in

reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began, otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a

hearing.") (cited pursuant to Ninth Circuit Rule 36-3). In this case, the Court has no obligation to further develop the record because even assuming without finding the truth of each of Petitioner's assertions, he is not entitled to equitable tolling.

### 1. There Is No Presumption in Favor of Equitable Tolling

In the Response, Petitioner makes two arguments for equitable tolling, but does so on a fatally flawed legal premise. He ignores *Pace*, volumes of case law applying *Pace*, years of federal habeas jurisprudence governing equitable tolling, and the legal standard that was clearly set forth in the OSC, and contends he is *entitled to a presumption* in favor of equitable tolling, even going so far as to argue that this "Court's Order to Show Cause should rather have been directed to respondent to explain why relief should not be granted." (Resp. at 4-5, 7.) Petitioner's argument is legally flawed because it is based on a fundamental misreading of *Holland*.

More specifically, Petitioner cites *Holland* for the proposition that "a non-jurisdictional statute of limitations is subject to a rebuttable presumption in favor of equitable tolling," but he then mistakenly construes that to mean there is a presumption that *he is entitled to equitable tolling*. (Resp. at 5.) That is simply wrong. The question the Supreme Court sought to resolve in *Holland* was <u>whether § 2244(d) was subject to equitable tolling principles at all</u>. *See Holland*, 130 S. Ct. at 2560 ("We have not decided whether AEDPA's statutory limitations period may be tolled for equitable reasons. (Citations omitted.) Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). After announcing its holding, the Court discussed the reasons it reached that holding, one of which was the fact that "a nonjurisdictional federal statute of limitations is normally subject to a 'rebuttable presumption' in favor 'of equitable tolling.'" *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S. Ct. 453 (1990)). In other words, the Supreme Court held AEDPA was "subject to equitable tolling in appropriate cases" in part because it was presumed to be. *Id.* at 2560, 2562.

1  The High Court was not addressing *how* equitable tolling applied to any specific case (it had already done so in *Pace*), and was certainly not creating a presumption that every petitioner who files a § 2254 petition is entitled to equitable tolling. *See id.* Such a conclusion would have eviscerated *Pace*'s holding, which places a difficult burden on the petitioner, *Pace*, 544 U.S. at 418, as well as long-established precedent -- which was clearly set forth in the OSC -- providing that the threshold necessary for a petitioner to trigger equitable tolling under AEDPA "is very high, lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at 799; *Miranda*, 292 F.3d at 1066. On the contrary, after holding that AEDPA can be equitably tolled, the *Holland* Court <u>then reiterated and applied the *Pace* factors</u> to determine if the petitioner in that case made the requisite showing of extraordinary circumstances. *See Holland*, 130 S. Ct. at 2562-63; *cf. Irwin*, 498 U.S. at 96 (denying equitable tolling in an untimely employment discrimination action due to the *petitioner/plaintiff's failure to show* more than "what is at best a garden variety claim of excusable neglect" by his attorney).

Consequently, Petitioner's assertion that, in this case, "*the presumption is in favor of equitable tolling, not against it*" (Resp. at 5, italics in original) is legally erroneous and is rejected. Further, his specific arguments for equitable tolling, discussed below, are equally flawed in part because they also rely on that erroneous legal assumption.

### 2. No Equitable Tolling For Alleged Limited Law Library Access

As discussed in the OSC, by far the most significant factor weighing against equitable tolling in this case is Petitioner's overwhelming lack of diligence -- specifically, his undeniable failure to file anything for approximately ten months while the limitations period was running. *See Mendoza*, 449 F.3d at 1070 (a petitioner seeking equitable tolling must demonstrate he made diligent efforts "during the running of the AEDPA time limitation. . . .").

In his Response, Petitioner claims that during the subject ten-month period he "had only minimal access to a law library," so he eventually enlisted the help of his

1  father to get his original habeas action filed. (Resp. at 2; 5, Attach. A.) Petitioner's
2  allegations of limited law library access fall far short under *Pace*.
3     First, Petitioner's perfunctory statement that he "had only minimal access to a
4  law library" fails to allege that anything extraordinary occurred. *Every* prisoner has
5  limited access to a law library. Petitioner does not explain how his circumstances
6  exceeded "[o]rdinary prison limitations" that "were neither extraordinary nor made it
7  impossible for him to file his petition in a timely manner." *Ramirez*, 571 F.3d at 998
8  (internal quotation marks omitted). Additionally, even assuming Petitioner's allegation
9  of *limited* library access had instead been consistent with what he told others, that he
10 had *no* library access because his "numerous requests" to access the prison library
11 were all "ignored" (Resp., Attach. A at ¶3, Attach. B at ¶14), he still "does not point
12 to specific instances where he needed a particular document . . . and could not have
13 procured that particular document when needed." *Chaffer v. Prosper*, 592 F.3d 1046,
14 1049 (9th Cir. 2010).
15    Second, limited access to the law library could not have been the proximate
16 cause of Petitioner's delay in filing his federal habeas petition. *See Allen v. Lewis*, 255
17 F.3d 798, 800 (9th Cir. 2001) (to establish that an extraordinary circumstance made
18 it impossible to file a petition on time, "at the very least, the prisoner must show that
19 the 'extraordinary circumstances' were the but-for and proximate cause of his
20 untimeliness."). An examination of the petition in the prior federal habeas action
21 immediately reveals that *little or no* legal research was required to file it on time.
22 Petitioner merely reiterated the claims in his petition for review (save for adding
23 references to his federal due process rights that rendered ground three unexhausted),
24 and attached a copy of his petition for review to supply the legal analysis (*see* CV 11-
25 1936 VBF (AN), [1]). *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("We
26 note that the claims [petitioner] sought to raise are similar to those raised in his direct
27 appeal and motion for state postconviction relief, thereby undercutting his argument
28 that lack of access caused his delay"); *see also Rhodes v. Senkowski*, 82 F. Supp. 2d

160, 170-71 (S.D.N.Y. 2000) (petitioner was denied equitable tolling where, among other factors, his habeas petition merely copied portions of his brief on direct appeal). Additionally, for equitable tolling purposes, Petitioner's assertion that he received help from his father amounts to a concession that he, unlike many prisoners, was able to obtain legal assistance from a source other than the law library, which further solidifies the conclusion that limited law library access did not prevent him from preparing or filing a timely petition. *See Goldsmith v. Scribner*, 318 Fed. Appx. 465, 466 (9th Cir. 2008) (cited pursuant to Ninth Circuit Rule 36-3); *see also Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition.").

Third, and most significant, Petitioner falls grossly short of showing he was diligently pursuing his rights despite his ostensibly limited access to the law library. *Spitsyn*, 345 F.3d at 802 (unless the petitioner exercises reasonable diligence in attempting to file his habeas petition, the link of causation between the alleged extraordinary circumstances and the failure to file is broken). He fails to make any specific allegation as to what he did to pursue his claims and complain about his situation during the first ten months while the limitations period was running. *Chaffer*, 592 F.3d at 1049. He also fails to explain why he waited to contact his father until late November 2011, particularly if he had been deprived of access to legal materials he truly needed since the limitations period began running on February 23, 2011. While the diligence required for equitable tolling is "reasonable diligence," not "maximum feasible diligence," *see Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011), the Court finds Petitioner patently failed to exercise reasonable diligence, which broke any possible link of causation between limited library access and his failure to file a timely petition. *Spitsyn*, 345 F.3d at 802.

Petitioner's failure to satisfy either *Pace* requirement renders him ineligible for any equitable tolling based on allegedly limited access to the prison law library, even assuming the truth of that assertion. *Laws*, 351 F.3d at 924; *Roberts*, 627 F.3d at 773.

### 3. No Equitable Tolling for Attorney Negligence

In his Response, as he did in the Petition, Petitioner again focuses primarily on what he characterizes as "an extraordinary and unprecedented and unusual breakdown in [his attorney's] office procedures" and his attorney's failure "to anticipate that by the time they were notified about the denial [of Petitioner's habeas petition] in the Supreme Court, the day had passed." (Resp. at 1, 6.) Despite the Court's explanation in the OSC that Petitioner cannot receive equitable tolling because his retained counsel filed an untimely Petition, *see Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), he nevertheless contends that inaction by his attorney due to a series of unusual events around the 2012 Memorial Day holiday qualifies for equitable tolling. Among the allegedly "extraordinary circumstances," Petitioner claims his counsel failed to sign up to receive electronic notification of his Supreme Court habeas denial, failed to check the mail in a timely fashion (due to office employees taking an extra day off during the Memorial Day holiday), and that staff members failed to properly delegate the responsibility for monitoring the mail so they could act immediately in the very small window left to file the pending Petition after the denial of his Supreme Court habeas petition. (Resp. at 1-4, 6, Attachs. B-D; *see also* Pet., Ex. E; Memorandum of Points and Authorities (attached to the Petition) at 3-4.)

Petitioner is not entitled to equitable tolling because he again fails to satisfy both of *Pace*'s requirements. *Pace*, 544 U.S. at 418. First, as discussed in the OSC, Petitioner's entire argument places undue emphasis on a very short period of time that came long after the original limitations period expired, and he ignores the fact that he did not act diligently throughout the first ten months the limitations period was running. *See Mendoza*, 449 F.3d at 1070. The pending Petition is untimely, not due to Petitioner's attorney's alleged missteps over the course of a few days, but instead due

to his own lack of diligence because he left himself insufficient time to account for routine occurrences that might interfere with preparing and filing a petition.[4] *Mendoza*, 449 F.3d at 1070.

Second, Petitioner also fails to satisfy *Pace*'s second prong; that some extraordinary circumstance stood in his way. It is here that Petitioner's flawed interpretation of *Holland* becomes particularly problematic. Relying heavily on the erroneous notion that equitable tolling is presumed, Petitioner then appears to further contend that, since the aforementioned occurrences were unusual and extraordinary *for counsel's legal office*, they are extraordinary enough for equitable tolling purposes. (Resp. at 6 ("What petitioner had no control over was the breakdown in office communications. . . . This chain of events was extraordinary and therefore petitioner has satisfied both requirements for equitable tolling.").) However, instead of making a viable equitable tolling argument, Petitioner's assertions are more accurately described as expressing frustration that his retained counsel, with the help of an outside appellate attorney, was prepared to draft his pending Petition at a moment's

---

[4] In the Response, Petitioner alleges, "The district court also ignores the circumstances actually surrounding the decision to exhaust remedies rather than appeal the dismissal without prejudice. The petition to exhaust remedies was filed before the court dismissed the petition without prejudice. Petitioner had requested that this court stay and abey the petition, while the petition to exhaust was pending. The petition to exhaust was filed in the Supreme Court on February 21, 2012. The court denied the request to stay and abey on March 1, 2012." (Resp. at 6.) On the contrary, however, this Court not only addressed this concern in the OSC (OSC at 8 n.4), but the fact is counsel elected to take a calculated risk his request for a stay would be granted, despite being offered the option of deleting Petitioner's unexhausted claim and proceeding with a timely habeas petition. The Court further notes the appellate attorney hired by Petitioner's counsel mistakenly "believed that by including the federal authorities in the certiorari petition [to the United States Supreme Court] that the claim had been fully exhausted." (Resp., Attach. D at ¶2.) However, a petition for certiorari in the Supreme Court is not part of AEDPA's exhaustion procedure. *See Roper v. Weaver*, 550 U.S. 598, 601, 127 S. Ct. 2022 (2007).

Page 13

1  notice, but a purported breakdown in office procedures around the Memorial Day
2  holiday prevented that from happening. (Resp. at 3, 5-6.) None of these allegations
3  satisfy Petitioner's burden under *Pace* because none of counsel's alleged failures in
4  this case were *actually* extraordinary. What Petitioner characterizes as an
5  unprecedented and unusual breakdown in office procedures during those few days
6  around Memorial Day is nothing more than a case of garden variety negligence by
7  Petitioner's counsel garnished with poor planning. *See Doe*, 661 F.3d at 1012 ("[I]n
8  cases where a petitioner claims his attorney was the cause of the untimeliness, courts
9  must examine if the claimed failure was one of mere negligence by the attorney, such
10 as inadvertently miscalculating a filing deadline in a non-capital case, (citation
11 omitted), or a sufficiently egregious misdeed like malfeasance or failing to fulfill a
12 basic duty of client representation, . . . ."); *see also Frye*, 273 F.3d at 1146 (9th Cir.
13 2001) (an attorney's "negligence in general" does not constitute an extraordinary
14 circumstance sufficient to warrant equitable tolling). Petitioner has not pointed to any
15 negligence on the part of his attorney amounting to an extraordinary circumstance that
16 prevented a timely filing. *Pace*, 544 U.S. at 418.

17        Lastly, Petitioner attempts to characterize his case as particularly sympathetic,
18 suggesting this Court should ignore the equitable tolling principles articulated above
19 and find his Petition timely simply because he believes (like most or all petitioners)
20 that his claims have merit. (Resp. at 4.) But, "sympathy alone neither delays the start
21 date of AEDPA's statute of limitations nor constitutes an equitable exception. AEDPA
22 is designed to further the principles of comity, finality, and federalism." *Ford v.*
23 *Gonzalez*, --- F.3d ----, ---, No. 11-15430, 2012 WL 2512938, at *7 (9th Cir. July 2,
24 2012) (citation and internal quotation marks omitted). The Court declines Petitioner's
25 "misguided[] invitation to disregard those principles." *Id.*

26        The face of the Petition and state court records establish Petitioner is not
27 entitled to any equitable tolling, and his Response does not alter that conclusion.
28 Petitioner's remedy for his attorney's negligence is to bring a civil malpractice action

against his attorney or file a complaint with the State Bar.

# ORDER

Based upon the foregoing, the Court finds the Petition is time-barred. Further, by way of the OSC, the Court finds Petitioner has received notice and an adequate opportunity to show cause why the Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the magistrate judge is vacated and the Petition is dismissed with prejudice. The clerk is directed to enter judgment dismissing this action with prejudice and notifying Petitioner of said judgment. Any and all pending motions are terminated.

DATED: August 1, 2012

*Valerie Baker Fairbank*
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge