1

2

3

4

5

6

7

8

9

10

11

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**AUG − 2 2012**

CENTRAL DISTRICT OF CALIFORNIA
BY 𝒮𝓁𝓎            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| 12 JOSHUA ANTHONY BLOUNT, ) | Case No.  SACV 12-00865 VBF (AN) |
| 13 Petitioner, ) | |
| 14 v. ) | **ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |
| 15 MARTIN BITER, Warden, Kern Valley ) State Prison, ) | |
| 16 ) | |
| 17 Respondent. ) | |

18    Before the Court is a petition for writ of habeas corpus ("Petition") brought by

19 Joshua Anthony Blount ("Petitioner"), a state prisoner represented by retained counsel.

20 For the reasons discussed below, the Petition is dismissed with prejudice because the

21 Court finds it is time-barred.

22                          **I. BACKGROUND**

23    The pending Petition raises three claims directed at Petitioner's June 4, 2008

24 conviction in the California Superior Court for Orange County (case no. 06HF1927)

25 of one count of first degree murder, four counts of attempted murder, and findings that

26 he committed the murder by drive-by shooting and personally discharged a firearm

27 causing death and great bodily injury. He was sentenced to a term of life in state

28 prison.

1    Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge

2    found it plainly appeared from the face of the Petition and relevant state court records

3    that this action was barred by the one-year statute of limitations of the Anti-Terrorism

4    and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A).

5    Accordingly, on June 19, 2012, the magistrate judge issued an order to show cause

6    that notified Petitioner the action appeared to be time-barred absent some basis for

7    tolling or an alternative start to AEDPA's one-year limitations period under 28 U.S.C.

8    § 2244(d)(1)(B)-(D). (6/19/12 Order to Show Cause re Dismissal of Petition for Writ

9    of Habeas Corpus by a Person in State Custody as Time-barred ("OSC"), [3].) The

10   OSC discussed the various bases for tolling and directed Petitioner to show cause why

11   the action should not be dismissed as time-barred by filing a written response no later

12   than July 5, 2012. (OSC at 4-10.) Petitioner's counsel has filed his Response to the

13   OSC ("Response"), and the matter now stands submitted.

## II. DISCUSSION

### A.    Standard of Review

16   Rule 4 of the Rules Governing Section 2254 Cases in the United States District

17   Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas

18   petition and "[i]f it plainly appears from the petition and any attached exhibits that the

19   petitioner is not entitled to relief in the district court, the judge must dismiss the

20   petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court

21   also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of

22   habeas corpus, and if it plainly appears from the face of the petition and any exhibits

23   annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may

24   prepare a proposed order for summary dismissal and submit it and a proposed

25   judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas

26   petition may be dismissed *sua sponte*, however, the district court must give the

27   petitioner adequate notice and an opportunity to respond before doing so. *Day v.*

28   *McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d

1039, 1043 (9th Cir. 2001); *see also Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826, ---- (2012) (reaffirming *Day*'s holding that district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, and itself holding that "courts of appeals, like district courts, have the authority - though not the obligation - to raise a forfeited timeliness defense on their own initiative.").

**B.     Statute of Limitations**

The Petition is governed by AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on June 4, 2008, and was sentenced on August 15, 2008. On May 12, 2010, the California Court of Appeal affirmed the judgment of conviction (case no. G040851). The California Supreme Court then denied review of the court of appeal's decision on September 1, 2010 (case no. S183741). (Pet. at 2-3, Exs. A&B; state court records.) Petitioner also filed a petition for certiorari with the United States Supreme Court, which was denied on February 22, 2011 (Supreme Court dkt. #10-7710). (Pet. at 5, Ex. C.)

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on February 22, 2011, the day the United States Supreme Court denied

---

[1]   The Court takes judicial notice of Petitioner's superior court records, which are available on the Internet at http://www.occourts.org, and the dockets of the state appellate courts, which are available on the Internet at http://appellatecases. courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

his petition for certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("direct review" under § 2244(d)(1)(A) includes a petition for a writ of certiorari in the United States Supreme Court). The statute of limitations then started to run the next day, on February 23, 2011, and ended a year later on February 22, 2012. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner's retained counsel did not file his pending Petition until June 1, 2012 -- 100 days after the expiration of the limitations period. Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

**C.     Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The face of the Petition, exhibits, and relevant state court records establish Petitioner's retained counsel filed one state habeas petition, in the California Supreme Court (case no. S200245). His counsel filed that petition on February 21, 2012, just *one day* before AEDPA's limitations period expired. (Pet. at 3-4, Ex. D; state court records.) That petition was denied on May 23, 2012, with a citation to *In re Dixon*, 41 Cal. 2d 756, 759 (1953).[2/] (Pet., Ex. D-18.) Given 92 days of statutory tolling for the pendency of Petitioner's state habeas petition (*see* CAL. CT. R.

---

[2/]     The court's citation to *Dixon* indicates it denied the petition on the basis that Petitioner's claims could have been, but were not, raised on direct appeal. *See Fields v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997).

1    8.532(b)(2)(C); *Corjasso v. Ayers*, 278 F.3d 874, 880 n.1 (9th Cir. 2002) (orders of the

2    California Supreme Court denying habeas petitions are final upon filing)), AEDPA's

3    limitations deadline was extended from February 22, 2012, to May 24, 2012. The

4    pending Petition, filed on June 1, 2012, is still untimely by 8 days.

5        Petitioner also filed a prior federal habeas action, which has no bearing on the

6    Court's timeliness analysis.[3/] By AEDPA's express terms, the limitations period is only

7    tolled during the pendency of "a properly filed application for *State* post-conviction

8    or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section

9    2244(d)(2) does not toll the limitations period while a *federal* habeas petition is

10   pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further,

11   the pending action cannot "relate back" to the prior action because that action was

12   dismissed in its entirety and is no longer pending (*see* CV 11-1936 VBF (AN),

13   [10]&[11]). *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he relation

14   back doctrine does not apply where the previous habeas petition was dismissed

15   because there is nothing to which the new petition could relate back.").

16        Despite receiving the statutory tolling to which he is entitled, Petitioner's

17   pending Petition is still untimely.

18   **D.**     **Alternative Start of the Statute of Limitations**

19       **1.**     **State-Created Impediment**

20        In rare instances, AEDPA's one-year limitations period can run from "the date

21   on which the impediment to filing an application created by State action in violation

22   of the Constitution or laws of the United States is removed, if the applicant was

23   prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that

24   the statute of limitations was delayed by a state-created impediment requires

25   establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir.

26

27       [3/]    A federal court may take judicial notice of its own records in other cases.

28   *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2002). Petitioner's filings do not set forth any facts for an alternate start date to the limitations period under this provision.

### 2.    Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts for an alternate start date to the limitations period under this provision.

### 3.    Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts for an alternate start date to the limitations period based upon the late discovery of the factual predicate.

### E.    Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in

reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began, otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a

1   hearing.") (cited pursuant to Ninth Circuit Rule 36-3). In this case, the Court has no

2   obligation to further develop the record because even assuming without finding the

3   truth of each of Petitioner's assertions, he is not entitled to equitable tolling.

### 1.    There Is No Presumption in Favor of Equitable Tolling

5         In the Response, Petitioner makes two arguments for equitable tolling, but does

6   so on a fatally flawed legal premise. He ignores *Pace*, volumes of case law applying

7   *Pace*, years of federal habeas jurisprudence governing equitable tolling, and the legal

8   standard that was clearly set forth in the OSC, and contends he is *entitled to a*

9   *presumption* in favor of equitable tolling, even going so far as to argue that this

10   "Court's Order to Show Cause should rather have been directed to respondent to

11   explain why relief should not be granted." (Resp. at 4-5, 7.) Petitioner's argument is

12   legally flawed because it is based on a fundamental misreading of *Holland*.

13         More specifically, Petitioner cites *Holland* for the proposition that "a

14   non-jurisdictional statute of limitations is subject to a rebuttable presumption in favor

15   of equitable tolling," but he then mistakenly construes that to mean there is a

16   presumption that *he is entitled to equitable tolling*. (Resp. at 5.) That is simply wrong.

17   The question the Supreme Court sought to resolve in *Holland* was <u>whether § 2244(d)</u>

18   <u>was subject to equitable tolling principles at all</u>. *See Holland*, 130 S. Ct. at 2560 ("We

19   have not decided whether AEDPA's statutory limitations period may be tolled for

20   equitable reasons. (Citations omitted.) Now, like all 11 Courts of Appeals that have

21   considered the question, we hold that § 2244(d) is subject to equitable tolling in

22   appropriate cases."). After announcing its holding, the Court discussed the reasons it

23   reached that holding, one of which was the fact that "a nonjurisdictional federal statute

24   of limitations is normally subject to a 'rebuttable presumption' in favor 'of equitable

25   tolling.'" *Id.* (*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.

26   Ct. 453 (1990)). In other words, the Supreme Court held AEDPA was "subject to

27   equitable tolling in appropriate cases" in part because it was presumed to be. *Id.* at

28   2560, 2562.

The High Court was not addressing *how* equitable tolling applied to any specific case (it had already done so in *Pace*), and was certainly not creating a presumption that every petitioner who files a § 2254 petition is entitled to equitable tolling. *See id.* Such a conclusion would have eviscerated *Pace*'s holding, which places a difficult burden on the petitioner, *Pace*, 544 U.S. at 418, as well as long-established precedent -- which was clearly set forth in the OSC -- providing that the threshold necessary for a petitioner to trigger equitable tolling under AEDPA "is very high, lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at 799; *Miranda*, 292 F.3d at 1066. On the contrary, after holding that AEDPA can be equitably tolled, the *Holland* Court then reiterated and applied the *Pace* factors to determine if the petitioner in that case made the requisite showing of extraordinary circumstances. *See Holland*, 130 S. Ct. at 2562-63; *cf. Irwin*, 498 U.S. at 96 (denying equitable tolling in an untimely employment discrimination action due to the *petitioner/plaintiff's failure to show* more than "what is at best a garden variety claim of excusable neglect" by his attorney).

Consequently, Petitioner's assertion that, in this case, "*the presumption is in favor of equitable tolling, not against it*" (Resp. at 5, italics in original) is legally erroneous and is rejected. Further, his specific arguments for equitable tolling, discussed below, are equally flawed in part because they also rely on that erroneous legal assumption.

## 2.    No Equitable Tolling For Alleged Limited Law Library Access

As discussed in the OSC, by far the most significant factor weighing against equitable tolling in this case is Petitioner's overwhelming lack of diligence -- specifically, his undeniable failure to file anything for approximately ten months while the limitations period was running. *See Mendoza*, 449 F.3d at 1070 (a petitioner seeking equitable tolling must demonstrate he made diligent efforts "during the running of the AEDPA time limitation. . . .").

In his Response, Petitioner claims that during the subject ten-month period he "had only minimal access to a law library," so he eventually enlisted the help of his

1    father to get his original habeas action filed. (Resp. at 2; 5, Attach. A.) Petitioner's

2    allegations of limited law library access fall far short under *Pace.*

3         First, Petitioner's perfunctory statement that he "had only minimal access to a

4    law library" fails to allege that anything extraordinary occurred. *Every* prisoner has

5    limited access to a law library. Petitioner does not explain how his circumstances

6    exceeded "[o]rdinary prison limitations" that "were neither extraordinary nor made it

7    impossible for him to file his petition in a timely manner." *Ramirez,* 571 F.3d at 998

8    (internal quotation marks omitted). Additionally, even assuming Petitioner's allegation

9    of *limited* library access had instead been consistent with what he told others, that he

10    had *no* library access because his "numerous requests" to access the prison library

11    were all "ignored" (Resp., Attach. A at ¶3, Attach. B at ¶14), he still "does not point

12    to specific instances where he needed a particular document . . . and could not have

13    procured that particular document when needed." *Chaffer v. Prosper,* 592 F.3d 1046,

14    1049 (9th Cir. 2010).

15         Second, limited access to the law library could not have been the proximate

16    cause of Petitioner's delay in filing his federal habeas petition. *See Allen v. Lewis,* 255

17    F.3d 798, 800 (9th Cir. 2001) (to establish that an extraordinary circumstance made

18    it impossible to file a petition on time, "at the very least, the prisoner must show that

19    the 'extraordinary circumstances' were the but-for and proximate cause of his

20    untimeliness."). An examination of the petition in the prior federal habeas action

21    immediately reveals that *little or no* legal research was required to file it on time.

22    Petitioner merely reiterated the claims in his petition for review (save for adding

23    references to his federal due process rights that rendered ground three unexhausted),

24    and attached a copy of his petition for review to supply the legal analysis (*see* CV 11-

25    1936 VBF (AN), [1]). *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) ("We

26    note that the claims [petitioner] sought to raise are similar to those raised in his direct

27    appeal and motion for state postconviction relief, thereby undercutting his argument

28    that lack of access caused his delay"); *see also Rhodes v. Senkowski,* 82 F. Supp. 2d

1   160, 170-71 (S.D.N.Y. 2000) (petitioner was denied equitable tolling where, among

2   other factors, his habeas petition merely copied portions of his brief on direct appeal).

3   Additionally, for equitable tolling purposes, Petitioner's assertion that he received help

4   from his father amounts to a concession that he, unlike many prisoners, was able to

5   obtain legal assistance from a source other than the law library, which further

6   solidifies the conclusion that limited law library access did not prevent him from

7   preparing or filing a timely petition. *See Goldsmith v. Scribner*, 318 Fed. Appx. 465,

8   466 (9th Cir. 2008) (cited pursuant to Ninth Circuit Rule 36-3); *see also Rosati v.*

9   *Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints

10  about limited access to the law library and legal materials at various state prisons and

11  occasional prison lockdowns do not warrant equitable tolling since petitioner has not

12  shown any causal connection between these events and his failure to timely file his

13  habeas corpus petition.").

14          Third, and most significant, Petitioner falls grossly short of showing he was

15  diligently pursuing his rights despite his ostensibly limited access to the law library.

16  *Spitsyn*, 345 F.3d at 802 (unless the petitioner exercises reasonable diligence in

17  attempting to file his habeas petition, the link of causation between the alleged

18  extraordinary circumstances and the failure to file is broken). He fails to make any

19  specific allegation as to what he did to pursue his claims and complain about his

20  situation during the first ten months while the limitations period was running. *Chaffer*,

21  592 F.3d at 1049. He also fails to explain why he waited to contact his father until late

22  November 2011, particularly if he had been deprived of access to legal materials he

23  truly needed since the limitations period began running on February 23, 2011. While

24  the diligence required for equitable tolling is "reasonable diligence," not "maximum

25  feasible diligence," *see Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011), the Court

26  finds Petitioner patently failed to exercise reasonable diligence, which broke any

27  possible link of causation between limited library access and his failure to file a timely

28  petition. *Spitsyn*, 345 F.3d at 802.

Page 11

1    Petitioner's failure to satisfy either *Pace* requirement renders him ineligible for

2    any equitable tolling based on allegedly limited access to the prison law library, even

3    assuming the truth of that assertion. *Laws*, 351 F.3d at 924; *Roberts*, 627 F.3d at 773.

4    **3.    No Equitable Tolling for Attorney Negligence**

5    In his Response, as he did in the Petition, Petitioner again focuses primarily on

6    what he characterizes as "an extraordinary and unprecedented and unusual breakdown

7    in [his attorney's] office procedures" and his attorney's failure "to anticipate that by

8    the time they were notified about the denial [of Petitioner's habeas petition] in the

9    Supreme Court, the day had passed." (Resp. at 1, 6.) Despite the Court's explanation

10   in the OSC that Petitioner cannot receive equitable tolling because his retained counsel

11   filed an untimely Petition, *see Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001),

12   he nevertheless contends that inaction by his attorney due to a series of unusual events

13   around the 2012 Memorial Day holiday qualifies for equitable tolling. Among the

14   allegedly "extraordinary circumstances," Petitioner claims his counsel failed to sign

15   up to receive electronic notification of his Supreme Court habeas denial, failed to

16   check the mail in a timely fashion (due to office employees taking an extra day off

17   during the Memorial Day holiday), and that staff members failed to properly delegate

18   the responsibility for monitoring the mail so they could act immediately in the very

19   small window left to file the pending Petition after the denial of his Supreme Court

20   habeas petition. (Resp. at 1-4, 6, Attachs. B-D; *see also* Pet., Ex. E; Memorandum of

21   Points and Authorities (attached to the Petition) at 3-4.)

22   Petitioner is not entitled to equitable tolling because he again fails to satisfy

23   both of *Pace*'s requirements. *Pace*, 544 U.S. at 418. First, as discussed in the OSC,

24   Petitioner's entire argument places undue emphasis on a very short period of time that

25   came long after the original limitations period expired, and he ignores the fact that he

26   did not act diligently throughout the first ten months the limitations period was

27   running. *See Mendoza*, 449 F.3d at 1070. The pending Petition is untimely, not due to

28   Petitioner's attorney's alleged missteps over the course of a few days, but instead due

Page 12

1   to his own lack of diligence because he left himself insufficient time to account for

2   routine occurrences that might interfere with preparing and filing a petition.[4/]

3   *Mendoza*, 449 F.3d at 1070.

4          Second, Petitioner also fails to satisfy *Pace*'s second prong; that some

5   extraordinary circumstance stood in his way. It is here that Petitioner's flawed

6   interpretation of *Holland* becomes particularly problematic. Relying heavily on the

7   erroneous notion that equitable tolling is presumed, Petitioner then appears to further

8   contend that, since the aforementioned occurrences were unusual and extraordinary

9   *for counsel's legal office*, they are extraordinary enough for equitable tolling purposes.

10  (Resp. at 6 ("What petitioner had no control over was the breakdown in office

11  communications. . . . This chain of events was extraordinary and therefore petitioner

12  has satisfied both requirements for equitable tolling.").) However, instead of making

13  a viable equitable tolling argument, Petitioner's assertions are more accurately

14  described as expressing frustration that his retained counsel, with the help of an

15  outside appellate attorney, was prepared to draft his pending Petition at a moment's

16

17
_____

18  [4/]    In the Response, Petitioner alleges, "The district court also ignores the
    circumstances actually surrounding the decision to exhaust remedies rather than appeal
19  the dismissal without prejudice. The petition to exhaust remedies was filed before the
    court dismissed the petition without prejudice. Petitioner had requested that this court
20  stay and abey the petition, while the petition to exhaust was pending. The petition to
    exhaust was filed in the Supreme Court on February 21, 2012. The court denied the
21  request to stay and abey on March 1, 2012." (Resp. at 6.) On the contrary, however,
22  this Court not only addressed this concern in the OSC (OSC at 8 n.4), but the fact is
    counsel elected to take a calculated risk his request for a stay would be granted,
23  despite being offered the option of deleting Petitioner's unexhausted claim and
24  proceeding with a timely habeas petition. The Court further notes the appellate
    attorney hired by Petitioner's counsel mistakenly "believed that by including the
25  federal authorities in the certiorari petition [to the United States Supreme Court] that
26  the claim had been fully exhausted." (Resp., Attach. D at ¶2.) However, a petition for
27  certiorari in the Supreme Court is not part of AEDPA's exhaustion procedure. *See*
28  *Roper v. Weaver*, 550 U.S. 598, 601, 127 S. Ct. 2022 (2007).

Page 13

1   notice, but a purported breakdown in office procedures around the Memorial Day

2   holiday prevented that from happening. (Resp. at 3, 5-6.) None of these allegations

3   satisfy Petitioner's burden under *Pace* because none of counsel's alleged failures in

4   this case were *actually* extraordinary. What Petitioner characterizes as an

5   unprecedented and unusual breakdown in office procedures during those few days

6   around Memorial Day is nothing more than a case of garden variety negligence by

7   Petitioner's counsel garnished with poor planning. *See Doe*, 661 F.3d at 1012 ("[I]n

8   cases where a petitioner claims his attorney was the cause of the untimeliness, courts

9   must examine if the claimed failure was one of mere negligence by the attorney, such

10  as inadvertently miscalculating a filing deadline in a non-capital case, (citation

11  omitted), or a sufficiently egregious misdeed like malfeasance or failing to fulfill a

12  basic duty of client representation, . . . ."); *see also Frye*, 273 F.3d at 1146 (9th Cir.

13  2001) (an attorney's "negligence in general" does not constitute an extraordinary

14  circumstance sufficient to warrant equitable tolling). Petitioner has not pointed to any

15  negligence on the part of his attorney amounting to an extraordinary circumstance that

16  prevented a timely filing. *Pace*, 544 U.S. at 418.

17          Lastly, Petitioner attempts to characterize his case as particularly sympathetic,

18  suggesting this Court should ignore the equitable tolling principles articulated above

19  and find his Petition timely simply because he believes (like most or all petitioners)

20  that his claims have merit. (Resp. at 4.) But, "sympathy alone neither delays the start

21  date of AEDPA's statute of limitations nor constitutes an equitable exception. AEDPA

22  is designed to further the principles of comity, finality, and federalism." *Ford v.*

23  *Gonzalez*, --- F.3d ----, ---, No. 11-15430, 2012 WL 2512938, at *7 (9th Cir. July 2,

24  2012) (citation and internal quotation marks omitted). The Court declines Petitioner's

25  "misguided[] invitation to disregard those principles." *Id.*

26          The face of the Petition and state court records establish Petitioner is not

27  entitled to any equitable tolling, and his Response does not alter that conclusion.

28  Petitioner's remedy for his attorney's negligence is to bring a civil malpractice action

1 | against his attorney or file a complaint with the State Bar.

2 | **ORDER**

3 | Based upon the foregoing, the Court finds the Petition is time-barred. Further,

4 | by way of the OSC, the Court finds Petitioner has received notice and an adequate

5 | opportunity to show cause why the Petition should not be dismissed as time-barred.

6 | ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the magistrate

7 | judge is vacated and the Petition is dismissed with prejudice. The clerk is directed to

8 | enter judgment dismissing this action with prejudice and notifying Petitioner of said

9 | judgment. Any and all pending motions are terminated.

10

11

12

13 | DATED: August 1, 2012

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

14

15

16 | Presented by:

17

18

19 | Arthur Nakazato
United States Magistrate Judge

20

21

22

23

24

25

26

27

28